IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

|   |   |
|---|---|
| **MELANIE LANHAM** | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **MANGLAM HOTELS LLC, NISH** | ) |
| **JOBALIA and SHREY PATEL** | ) |
| Defendants | ) |

**COMPLAINT**

Come now the Plaintiff, Melanie Lanham, by and through counsel, and for cause of action shall respectfully show to the Court as follows:

1. This action for damages is brought to redress Defendant's contravention of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 *et seq.* By Defendants' actions of retaliation against Plaintiff for engaging in protected activity under the FLSA. Plaintiff seeks damages for back pay, front pay, damages for emotional distress, liquidated and punitive damages along with his reasonable attorney's fees, costs and expenses incurred due to Defendants' wanton and willful violations of the Fair Labor Standards Act.

2. The Fair Labor Standards Act was of 1938 was codified to protect and correct working conditions detrimental to workers. "The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07, 65 S. Ct. 895, 89 L.

1

Ed. 1296 (1945); Cited by *Williams v. Alimar Sec., Inc.*, No. 13-12732, 2016 U.S. Dist. LEXIS 150119, at 4-6 (E.D. Mich. Oct. 31, 2016). "'Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees.'" Cited by *Williams v. Alimar Sec., Inc.*, No. 13-12732, 2016 U.S. Dist. LEXIS 150119, at 4-6 (E.D. Mich. Oct. 31, 2016).

3. The FLSA also proscribes illegal actions "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (29 USCS §§ 201 et seq.; or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee. 29 USCS § 215.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

5. All actions arising under this complaint occurred in Davidson County Tennessee, therefore proper venue lies with the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is a former employee of Wingate by Wyndham, 202 Northgate Circle, Goodletsville, Tennessee 37072 and Manglam Hotels LLC, (collectively "Defendants").

7. The Defendant, Manglam Hotels, LLC is a domestic Limited Liability Company formed in Tennessee whose principal office is located at 202 Northgate Circle, Goodletsville, Tennessee 37072-1921. The registered agent is Rudy Winstead Turner PLLC, 2010 21st Avenue South, Nashville, Tennessee 37212.

8. Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

9. Defendant, Manglam Hotels LLC, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

10. Defendant, Shrey Patel is the General Manager of the Wingate by Wyndham owned by Manglam Hotels LLC.

11. Defendant, Nish Jobalia is an owner of the Wingate by Wyndham and Manglam Hotels LLC.

12. Defendants, Shrey Patel and Nish Jobalia, exercised control over the hours worked by Plaintiff.

13. Defendants, Shrey Patel and Nish Jobalia, exercised control over the manner in which work was performed by Plaintiff.

14. Defendants, Shrey Patel and Nish Jobalia, exercised control over compensation paid to Plaintiff.

15. Defendants, Shrey Patel, in the capacity as General Manager, acted directly and/or indirectly in the interest of and on behalf of Defendants with regard to Plaintiff.

16. Defendant, Shrey Patel, is responsible in whole or in part for the violations of the FLSA discussed herein.

17. Defendant, Shrey Patel, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

18. Defendant, Nish Jobalia, is responsible in whole or in part for the violations of the FLSA discussed herein.

19. Defendant, Nish Jobalia, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

20. Defendant Employers comprise an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

21. Defendants have done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

22. The Plaintiff was engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of her employ with Defendants.

**FACTUAL ALLEGATIONS**

23. On or about August 2016, Plaintiff began employment as an Executive Housekeeper at the Hampton Inn & Suites at 202 Northgate Circle in Goodlettsville, Tennessee.

24. On or about November 2018, the Hampton Inn was sold and underwent a remodel where the name was changed to Travelodge. After the relaunch the hotel became Wingate at Wyndham. At all times relevant to this action, Shrey Patel was the General Manager.

25. In 2017, Patel began to add more duties and responsibilities to Plaintiff's position on the Housekeeping staff. Additionally to her responsibilities as Executive Housekeeper, she served as a breakfast attendant, houseman laundry attendant and desk clerk, as needed. At that time Plaintiff worked 6 or 7 days a week, over forty hours per week.

26. In mid-August 2018, The Department of Labor (DOL), Mr. Tarantino, came to the Hotel and asked Plaintiff about her hours worked and overtime pay. Plaintiff engaged in protected activity by responding to the DOL investigation.

27. The Department of Labor completed their investigation and on Thursday December 6, 2018. Shrey Patel and Gary Gamble met with Plaintiff and informed her that the DOL had determined that she was underpaid overtime and that Defendants owed her $3,500 in overtime pay and $3,500 in liquidated damages.

28. Patel then told Plaintiff that the owners wanted her to give the liquidated damages, $3,500, back to Defendants, because that money "was not hers." Patel stated, "they didn't do anything wrong and that was their money, not hers."

29. Patel gave Plaintiff her check for overtime damages but withheld the check for liquidated damages placing the check in the hotel safe. Patel told Plaintiff that if she decided to keep the check for liquidated damages she could have the check on December 20, 2018.

30. Plaintiff then contacted Guy Tarantino about the withheld check and Tarantino instructed Plaintiff that she was owed the liquidated damages and the check should not have been withheld.

31. Upon return to work on December 12, 2018, Plaintiff told Patel that she wanted her liquidated damages check and was told by Patel that her work schedule would change immediately.

Her schedule previously had been Wednesday to Sunday 7:00 am to 3:00 pm. Now her schedule was changed to 3 days a week at no more than 20 hours per week, according to Patel, "at the decision of the owners."

32. At the same time Defendants added new staff to replace the hours that had been taken away from Plaintiff.

33. In January 2019, Plaintiff worked irregular hours, 16 one week and then 21 the next week.

34. In January 2019, Plaintiff also began suffering from panic attacks and her doctor prescribed her hydroxyzine.

35. Unable to tolerate the extreme conditions placed by Defendants on Plaintiff, she was constructively discharged on February 13, 2019.

36. Plaintiff was retaliated against for engaging in protected activity by answering the Department of Labor Investigators' questions.

37. All other reasons provided by Defendants for their retaliatory actions against Plaintiff are mere pretext.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT: RETALIATION**

38. Plaintiff hereby re-alleges paragraphs 1 through 37 as though fully set for herein.

39. "To make a prima facie case of retaliation, a plaintiff must prove that "(1) she engaged in protected activity under the FLSA; (2) her exercise of this right was known by the

employer; (3) the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action." *Pettit v. Steppingstone, Ctr. for the Potentially Gifted*, 429 F. App'x 524, 530 (6th Cir. 2011). Cited by *McKinnon v. L-3 Communs. Corp.,* No. 1:16-CV-00458-MRB, 2018 U.S. Dist. LEXIS 137126, at *26-27 (S.D. Ohio Aug. 14, 2018).

40. Plaintiff engaged in protected activity by complying with the Department of Labor Audit regarding Defendants' wage and hour practices.

41. Defendants immediately took adverse employment actions against the Plaintiff; namely, reducing her hours from 40+ per week to 20 hours or less per week.

42. Pursuant to 29 U.S.C. § 215, Plaintiff was entitled to engage in and assert FLSA protected activities and rights without retaliation.

41. A causal link exists between the Defendants' decision to terminate Plaintiff and the Plaintiff engaging in FLSA protected activity.

43. Defendants retaliated against Plaintiff for not returning her liquidated damages to the Defendants by slashing her schedule to 20 hours or less per week. Defendants actions cannot be justified because they simultaneously added staff to replace hours that had previously been assigned to Plaintiff.

44. Defendants actions against Plaintiff were in retribution and retaliation for participating in the investigation conducted by the Department of Labor and for refusing to return the check for liquidated damages.

45. Defendants act of withholding her check for liquidated damages on December 6, 2018, is, in itself, an act of retaliation.

46. Defendants had no legitimate, non-retaliatory reason for their actions described herein, and any reason given by Defendants would be pretextual in nature.

## CONSTRUCTIVE DISCHARGE

47. Plaintiff hereby re-alleges paragraphs 1 through 46 as though fully set for the herein.

48. The elements of the claim of constructive discharge include, 1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, (2) the employer did so with the intention of forcing the employee to quit, and (3) the employee actually quit." *Savage v. Gee*, 665 F.3d 732, 739 (6th Cir. 2012). Cited by *Festerman v. Cty. of Wayne,* 611 F. App'x 310, 319 (6th Cir. 2015).

49. It is undisputed that Defendants dramatically reduced Plaintiff's work hours after she after she engaged in protected activity, responded to the DOL investigation and refused to return the liquidated check to Defendants in the amount of $3,500. Defendants knew that by reducing her hours she would be forced to look for other employment. Defendants made the work environment intolerable by withholding her liquidated damages check and acting unscrupulously to force her to return the check.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendants, for:

1. A finding that Defendants are liable to Plaintiff for willful violations of the anti-retaliation requirements of the Fair Labor Standards Act.

2. A finding that Defendants are liable to Plaintiff for Defendant's illegal retaliation in violation of the Fair Labor Standards Act.

3. An award compensating the Plaintiff for Defendants' illegal retaliation including back pay, front pay, liquidated damages, punitive damages, compensation for any special damages sustained as a result of the discharge or discrimination, including litigation costs, expert witness fees, and reasonable attorney's fees, and prejudgment interest.

4. Such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

s/Frank J. Steiner
Frank J. Steiner    BPR# 26920
2200 21st Avenue South, Suite 309
Nashville, Tennessee 37212
(615) 730-6090
franksteiner@franksteinerlaw.com
*Attorney for Plaintiff*